SKINNER v. WHEELER.

*Damages — measure of — trespasser cutting timber liable for amount cut.*

A trespasser who cuts trees from carelessness and not from malice is a wrong doer, and is liable for the value of the trees cut or destroyed. *Whitbeck* v. *N. Y. C. R. R. Co.*, 36 Barb. 644; Sedg. on Damages, 630, citing *Cushing* v. *Longfellow*, 26 Me. 306; *Martin* v. *Porter*, 5 Mees. & Wels. 351; *Bennett* v. *Thompson*, 13 Ired. L. 146; *Smith* v. *Gonder*, 22 Ga. 353. This liability exists the moment the trees are severed from the realty.

Accordingly, where defendant cut trees upon plaintiff's land, and took the bark therefrom, but before he could remove the bark and timber from the ground, a great portion of it was destroyed by fire; *held*, that a charge that defendant was liable for the value of such timber and bark as was removed from the ground and not for that destroyed by fire, was too favorable to defendant.

APPEAL by defendant from an order at the special term denying a motion for a new trial, after a verdict in favor of plaintiff at the circuit.

The action was brought by Abner C. Skinner against Wallace W. Wheeler, for trespass, in entering on plaintiff's land and cutting and carrying away bark and timber therefrom.

*T. F. Bush,* for appellant.

*W. J. Groo,* for respondent.

BOARDMAN, J.

The only points passed upon in the opinion are fully stated in the head-note.

*Order affirmed.*